JOHNSON v DETROIT MEDICAL CENTER

Docket No. 293304. Submitted December 14, 2010, at Detroit. Decided
December 21, 2010, at 9:05 a.m.

Yolanda Johnson filed a medical malpractice suit in the Wayne
Circuit Court against Detroit Medical Center and other health-
care providers, including Andre R. Nunn, M.D., a surgeon. Plain-
tiff moved to compel the disclosure of Nunn's credentials and
privileges file and also his operative logs. The court, Daphne
Means Curtis, J., granted the motion and ordered the disclosure.
Defendants applied for leave to appeal, but the Court of Appeals
denied the application. The Supreme Court, in lieu of granting
defendants' application for leave to appeal, remanded the case to
the Court of Appeals for consideration as on leave granted. 485
Mich 870 (2009).

The Court of Appeals *held*:

1. Under MCL 333.21515, records, data, and knowledge col-
lected by a peer review committee are confidential and may only be
used for the purposes of a peer review committee to reduce
morbidity and mortality and to ensure quality of care. The trial
court erred to the extent that it required defendants to disclose the
contents of Nunn's credentials and privileges file.

2. Under MCL 600.2157, a physician may not disclose any
information acquired by the physician in attending a patient if the
information was necessary for the treatment or the prescription of
treatment of the patient. This privilege belongs to the patient, and
only the patient may waive it. The operative logs sought by
plaintiff were the type of information protected by the statute.
Defendants' failure to timely raise the issue did not constitute
waiver of the privilege by a patient, and thus the trial court erred
when it ordered defendants to disclose Nunn's operative logs.

Reversed.

1. Pretrial Procedure — Discovery — Confidential Information — Peer-
Review Privilege.

Records, data, and knowledge collected by a peer review committee
are confidential and may only be used for the purposes of a peer

review committee to reduce morbidity and mortality and to ensure quality of care (MCL 333.21515).

2. PRETRIAL PROCEDURE — DISCOVERY — CONFIDENTIAL INFORMATION — PHYSICIAN-PATIENT PRIVILEGE.

Under the physician-patient privilege, a physician may not disclose any information acquired by the physician in attending a patient if the information was necessary for the treatment or the prescription of treatment of the patient; this privilege belongs to the patient, and only the patient may waive it (MCL 600.2157).

*Ishbia & Gagleard, PC* (by *Michael A. Gagleard* and *Michelle M. Shaya*), for plaintiff.

*Tanoury, Corbet, Shaw, Nauts & Essad, P.L.L.C.* (by *Linda M. Garbarino, Anita Comorski,* and *David R. Nauts*), for defendants.

Before: DONOFRIO, P.J., and CAVANAGH and FITZGERALD, JJ.

PER CURIAM. Defendants appeal the trial court's order granting plaintiff's motion to compel discovery and requiring defendants to produce allegedly protected or privileged peer review and nonparty patient documents. The case is before this Court pursuant to our Supreme Court's order, in lieu of granting leave to appeal, remanding the case to this Court "for consideration as on leave granted." *Johnson v Detroit Med Ctr*, 485 Mich 870 (2009). We reverse.

Defendants argue that the trial court erred by compelling disclosure of Dr. Andre Nunn's credentials and privileges file. We agree.

A trial court's ruling on a discovery motion is reviewed for an abuse of discretion. *Holman v Rasak*, 486 Mich 429, 436; 785 NW2d 98 (2010). However, whether production of requested documents is barred by statute

is a question of law that we review de novo. *Dye v St John Hosp & Med Ctr*, 230 Mich App 661, 665; 584 NW2d 747 (1998).

Article 17, part 215 of the Public Health Code, MCL 333.21501 *et seq.*, governs the regulation of hospitals. A hospital's responsibilities and duties concerning its medical staff's credentials and privileges is addressed in MCL 333.21513, which provides, in pertinent part:

> The owner, operator, and governing body of a hospital licensed under this article:
>
> (a) Are responsible for all phases of the operation of the hospital, selection of the medical staff, and quality of care rendered in the hospital.
>
> (b) Shall cooperate with the department in the enforcement of this part, and *require that the physicians*, dentists, and other personnel *working in the hospital who are required to be licensed or registered are in fact currently licensed or registered.*
>
> (c) Shall assure that physicians and dentists admitted to practice in the hospital *are granted hospital privileges consistent with their individual training, experience, and other qualifications.*
>
> (d) Shall assure that physicians and dentists admitted to practice in the hospital are organized into a medical staff to enable an effective review of the professional practices in the hospital for the purpose of reducing morbidity and mortality and improving the care provided in the hospital for patients. The review shall include the quality and necessity of the care provided and the preventability of complications and deaths occurring in the hospital. [Emphasis added.]

MCL 333.21515 provides that the following collected materials are confidential: "The records, data, and knowledge collected for or by individuals or committees assigned a review function described in this article are confidential and shall be used only for the purposes

provided in this article, shall not be public records, and shall not be available for court subpoena." The use of the word "shall" in the statute indicates that this provision is mandatory. Additionally, MCL 333.21521 provides that "[a] hospital *shall meet the minimum standards and rules authorized by this article* and shall endeavor to carry out practices that will further protect the public health and safety, prevent the spread of disease, alleviate pain and disability, and prevent premature death." (Emphasis added.)

Our Supreme Court has recognized that, under § 21513, "[h]ospitals are required to establish peer review committees whose purposes are to reduce morbidity and mortality and to ensure quality of care." See *Attorney General v Bruce*, 422 Mich 157, 169; 369 NW2d 826 (1985). "Included in their duties is the obligation to review the professional practices of licensees, granting staff privileges consistent with each licensee's qualifications." *Id.*; see, also, *Dye*, 230 Mich App at 664-665. Thus, a credentialing committee is a peer review committee.

Accordingly, in *Dye*, 230 Mich App at 668, this Court "reject[ed] plaintiff's conclusion that materials relating to the provision of staff privileges are outside the purview of the [peer review] statutes." The Court stated that § 21515 "protect[s] against disclosure of information relating to [the physician's] application for staff privileges at defendant hospital." *Id.* at 669. Thus, absent a statutory exception, which plaintiff does not allege exists in this case, "the materials gathered by the credentials committee . . . with respect to [the physician's] qualifications and the extension of staff privileges" are confidential. *Id.* at 668-669.

We conclude that § 21515 clearly and unambiguously prohibits discovery of Dr. Nunn's credentials and privi-

leges file. *Attorney General,* 422 Mich at 173. "To hold otherwise would require us to create an exception to the [evidentiary] privilege granted such information by the Legislature; that is not for us to do." *Id.* Therefore, the trial court erred to the extent that it required defendants to disclose the contents of Dr. Nunn's credentials and privileges file.[1]

Defendants also argue that Dr. Nunn's operative logs are protected by the physician-patient privilege and, therefore, the trial court erred by ordering defendants to disclose them. We agree.

MCL 600.2157 provides, in pertinent part:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery *shall not disclose* any information that the person has acquired in attending a patient in a professional character, *if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon.* [Emphasis added.]

The physician-patient privilege protects the identity of nonparty patients regardless of need. *Dorris v Detroit Osteopathic Hosp Corp,* 460 Mich 26, 39; 594 NW2d 455 (1999). The privilege prohibits the disclosure of " 'any information' acquired under the requisite circumstances," even if the patient's identity is redacted. *Baker v Oakwood Hosp Corp,* 239 Mich App 461, 475; 608 NW2d 823 (2000). The statute is clear and unambiguous, and no further construction is necessary or permitted. *Id.* Further, "[t]he privilege belongs to the patient and can be waived only by the patient." *Id.* at 470 (quotation marks and citation omitted). Therefore,

---

[1] Because everything within the file is protected, there is no merit to plaintiff's argument that defendants should be required to prepare a list of the file's contents so that items can be evaluated individually.

defendants' alleged failure to timely raise this issue does not waive the privilege.

The operative logs at issue in this case contain information acquired by Dr. Nunn in attending to patients in his professional capacity as a surgeon, i.e., the dates and types of surgeries performed. Further, the type of surgeries performed, as well as the time and the dates of the surgeries, are information necessary to attend and evaluate a patient's condition, progress, and recovery after the procedure. Therefore, we conclude that the information contained in Dr. Nunn's operative logs was gathered under the circumstances identified in the statute and, therefore, it is protected by the physician-patient privilege. Accordingly, the trial court erred in ordering defendants to disclose Dr. Nunn's operative logs.

Reversed.